304 So.2d 775 (1974)
STATE of Louisiana, Through the DEPARTMENT OF HIGHWAYS
v.
GULF OIL CORPORATION.
No. 9963.
Court of Appeal of Louisiana, First Circuit.
November 12, 1974.
Rehearing Denied December 16, 1974.
Alvin J. Liska, New Orleans, for appellant.
William J. Jones, Covington, for appellee.
Before LANDRY, BLANCHE and NEHRBASS, JJ.
LANDRY, Judge.
This matter was consolidated with State of Louisiana, Through Department of Highways v. St. Tammany Homestead Association, 304 So.2d 765, Number 9961, and State of Louisiana, Through the Department of Highways v. Shell Oil Company, 304 So.2d 777, Number 9962, on the docket of this court, rendered this date.
In St. Tammany Homestead Association, above, we disposed of the issues made *776 herein concerning landowner's entitlement to enhanced value resulting from the original diamond design intersection, and the question of the allowance of a time factor increase in property values during the period 1969 to the taking in June, 1971.
On May 30, 1966, Gulf purchased a tract situated in the northeast quadrant of the proposed I-12-U.S. 190 diamond interchange. Said tract measured 210 feet front on 190 by a depth between parallel lines of 962 feet on its north line and 917 feet on its south line. For the property, Gulf paid $75,000.00. The tract was situated on the north side of Helenbirg Road at said roadway's intersection with 190. It was situated at the immediate end of the control of access to 190 and constituted the "first off" in the northeast quandrant of the intersection, and had direct access to 190. Unquestionably, it was a prime major company gas station. The taking involved an irregular shaped parcel measuring 210 feet angularly along 190 by a depth of 124 feet along Gulf north line, and 80 feet along its southern boundary, and containing 23,435 square feet. Gulf's remainder fronts 210 feet on the service road along the east side of 190 by an approximate depth of 838 feet. The nearest access to 190 from Gulf's site is now 1,600 feet to the north where control of access to 190 presently ends.
On direct examination, Edward J. Deano, the only appraiser called by the Department to testify in Gulf, stated that he valued the parcel taken without regard to enhanced value resulting from the diamond interchange. He valued the part taken at 50 cents per square foot, or $11,718.00. He found no difference in value after the taking, and therefore found no severance damages due. His estimate of total damages was $11,718.00.
On cross-examination, however, Mr. Deano testified from an alternative appraisal which he made based on values enhanced by the diamond interchange. This appraisal showed the value of the tract before taking at $180,663.00, and that of the part taken to be $21,325.00, with severance damages due in the amount of $72,436.00, for a total of $93,761.00. This appraisal, however, was not introduced in evidence, but the full details thereof were elicited from Deano by counsel for Gulf and appear in the record.
There also appears in the consolidated record an appraisal of subject property made by Deano for Gulf in anticipation of Gulf's purchase of subject tract. Said appraisal, made January 6, 1966, values the tract at $80,000.00.
On behalf of Gulf, Thomas B. Dupree, Jr., Appraiser, valued the property as a first off, prime service station site on the diamond interchange. He determined before taking value by dividing the property into a service station site fronting 210 feet on U.S. 190 by a depth of 200 feet at $2.75 per square foot, or $109,725.00. Dupree appraised the rear 3.65 acres at $5,000.00 per acre, or $18,250.00, reaching a total before taking value of $127,975.00. Since all of Gulf's commercial site was not taken, Dupree valued the 4.01 acres remaining after the taking at $9,000.00 per acre, or $36,090.00. The part taken was valued at $64,447.00, which left a difference of $63,528.00 between the value before taking and the value of the part taken. Subtracting the value after the taking from the above difference, Dupree found severance damages of $27,438.00, for a total award in the amount of $91,885.00.
In reaching his conclusions, Dupree utilized eight comparables, each of which he discussed in relation to Gulf's tract. He also increased value as a result of time passage, which increase we heretofore have discussed and disposed of in the companion Homestead case.
*777 Gulf also produced Max J. Derbes, Sr., Appraiser, who employed virtually the same technique as Dupree. Using approximately eighteen comparables, Derbes valued the whole property at $125,000.00. He also valued the front 200 feet in depth at $2.68 per square foot, or $105,000.00. On this basis, he found the 23,435 square feet taken to be worth $62,807.00, leaving a difference of $62,193.00 from the value of the whole. From this difference, he subtracted his estimated value of the remainder ($35,000.00), and arrived at severance damages of $27,193.00, and total compensation of $90,000.00. Utilizing the same method of evaluation, but employing an average unit price of 63 cents per square foot for the whole tract, Derbes reached the same total compensation.
In this case, and also in Shell, Number 9962, consolidated herewith, the Department complains that the trial court erroneously awarded severance damages to Gulf and Shell. This argument is based on the Department's contention that enhanced value resulting from the diamond interchange was incorrectly allowed by the trial court. In the consolidated case of Homestead, Number 9961, we disposed of this issue adversely to the Department. It follows that, if landowners are entitled to enhanced value resulting from the diamond interchange, severance damages are due in each instance because of diminution in value occasioned by the present taking, since the highest and best use was diminished by the taking.
We affirm the award to Gulf in the amount of $91,885.00, based on Dupree's appraisal, subject, of course, to the credit of $11,718.00 deposited by the Department in the registry of the court.
The judgment of the trial court is affirmed. The Department is cast with all costs for which it is legally assessable.
Affirmed.