304 So.2d 777 (1974)
STATE of Louisiana, Through the DEPARTMENT OF HIGHWAYS
v.
SHELL OIL COMPANY.
No. 9962.
Court of Appeal of Louisiana, First Circuit.
November 12, 1974.
Rehearing Denied December 16, 1974.
Writ Refused January 31, 1975.
Alvin J. Liska, New Orleans, for appellant.
William J. Jones, Covington, for appellee.
Before LANDRY, BLANCHE and NEHRBASS, JJ.
*778 LANDRY, Judge.
This matter was consolidated with State of Louisiana, Through Department of Highways v. St. Tammany Homestead Association, 304 So.2d 765 Number 9961, and State of Louisiana, Through Department of Highways v. Gulf Oil Corporation, 304 So.2d 775 Number 9963 on the docket of this court, rendered this day.
In Number 9961, above, we disposed of the issues made therein concerning landowner's entitlement to enhanced value resulting from the original diamond design interchange, and also the question of allowance of a time factor increase in property values during the period 1969 to June, 1971.
On August 26, 1967, Shell acquired a parcel abutting the site obtained by Gulf. Shell's location was "second off" in the northeast quadrant of the I-12-U. S. 190 interchange. It lay 270 feet beyond the end of control of access to 190. The tract measured 190 feet front on U. S. 190 by a depth of 956 feet, with direct access to U. S. 190. Shell paid $65,000.00 for the site. On the day of its purchase, Shell sold the rear 190 by 775 feet for $8,500.00, reserving the front 190 by 200 feet as a gas station site.
From Shell, the Department took the entire frontage of 190 feet by a depth of 128 feet along the north property line, and a depth of 124 feet on the southern boundary, an area encompassing 23,870 square feet. Shell's remainder fronts 190 feet on a service road by a depth of 71 and 76 feet along its northern and southern boundaries, respectively. For all practical purposes, Shell's access to U. S. 190 is presently identical with that of Gulf.
The Department's appraisers, Deano and Breeding, valued the property as highway commercial, but made no allowance for enhanced value resulting from the diamond interchange. Neither did they allow for a time increase in value. Deano valued the site at 45 cents per square foot before and after the taking, on which basis he valued the land taken at $10,742.00, and found no severance damages due. Breeding appraised the land at 50 cents per square foot before and after the taking. He valued the part taken at $11,935.00, and also found no severance damages to the remainder.
Shell's appraisers, Derbes and Lobdell, appraised on the basis of enhanced value resulting from the diamond interchange, and also utilized the time increase factor in adjusting transactions used as comparables to determine market value. Derbes and Lobdell thusly appraised the tract at $2.00 and $2.50 per square foot, respectively. Derbes' valuation of the land taken amounted to $47,742.00, and Lobdell's $59,677.00. Valuing the remainder at 60 cents per square foot, Derbes found severance damages of $19,328.00, the reduced value, in his opinion, resulting from the property fronting on a service road after the taking. Lobdell noted that Shell's investment in the 190 by 200 foot tract retained was $56,500.00, indicating a $1.49 per square foot unit cost to Shell on August, 1967. Lobdell's valuation of the part taken was $59,677.00. He also found the remainder worth 60 cents per square foot, and determined severance damages in the sum of $26,550.00, for the same reasons given by Derbes. The trial court adopted Lobdell's appraisal and awarded total damages of $86,227.00.
The Department's assignment of errors in this instance is the same as those assigned in Gulf, Number 9963.
For the reasons assigned in Homestead, Number 9961, and Gulf, Number 9963, the judgment of the trial court is affirmed. The Department is cast with all costs for which it may be legally assessed.
Affirmed.